IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas S. Cram,<br><br>    Plaintiff,<br><br>vs.<br><br>Joe Arpaio,<br><br>    Defendant. | No. CV-05-1957-PHX-NVW (LOA)<br><br>**REPORT AND RECOMMENDATION** |

    This matter arises on the Court's review of the file. Plaintiff commenced this action on June 30, 2005. (document # 1) On February 24, 2006, the Court ordered service on Defendant Arpaio and ordered Plaintiff to file a completed service packet by March 16, 2006. (document # 5) The Court also directed Plaintiff to immediately notify the Court in writing of any change in his address and warned Plaintiff that failure to do so could result in dismissal of this action. (Id.) Additionally, LRCiv 83.3(d) obligates Plaintiff to immediately notify the Court in writing of any change in address.

    On March 13, 2006, the Court received returned mail addressed to Plaintiff marked "undeliverable, released." (documents # 7) No alternate address for Plaintiff was found. (Id.) Plaintiff violated the Court's Order and the Local Rules by failing to advise the Court of his new address and by failing to return a completed service packet by the March 16, 2006 deadline. Plaintiff's failure to comply with court orders has halted the progression of this case. In view of the foregoing, the Court ordered Plaintiff to show cause on or before April 10, 2006, why this

matter should not be dismissed without prejudice for failure to comply with Court orders pursuant to Fed.R.Civ.P. 41(b).

Plaintiff has neither responded to the order to show cause nor notified the Court of his current address. In fact, on April 11, 2006, the Court again received returned mail addressed to Plaintiff marked "released." (document # 9) In view of Plaintiff's continued failure to advise the Court of his current address in violation of Court orders, this matter should be dismissed. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988)(stating that an order imposing sanctions for plaintiff's failure to advise the court of his address was not warranted before dismissing the case because such an order would only take a round trip through the mail.); Arquelles v. Arpaio, No. CV-05-3426-PHX-SMM, 2006 WL 687125 (D.Ariz., March 16, 2006) (adopting Report and Recommendation that § 1983 complaint should be dismissed based on plaintiff's failure to advise the court of his address.).

In view of the foregoing,

IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice for failure to comply with Court orders pursuant to FED.R.CIV.P. 41(b).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

1  Failure timely to file objections to any factual determinations of the Magistrate Judge
2 will be considered a waiver of a party's right to appellate review of the findings of fact in an
3 order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72,
4 Federal Rules of Civil Procedure.

DATED this 25th day of April, 2006.

/s/ Lawrence O. Anderson
Lawrence O. Anderson
United States Magistrate Judge

- 3 -